THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3270-D

| | |
|---|---|
| Tracey Edwards, | ) |
| | ) |
|     Plaintiff | ) **PLAINTIFF'S MEMORANDUM OF** |
| | ) **LAW IN SUPPORT OF MOTION TO** |
|     v. | ) **COMPEL DEFENDANTS EDWARDS,** |
| | ) **AMOS, JUNKER, ALEXANDER,** |
| Eddie Buffaloe Jr., Benita Witherspoon, Claudette | ) **WITHERSPOON, AND BUFFALOE** |
| Edwards, James Alexander, Gary Junker, Elton | ) **TO RESPOND TO** |
| Amos, Kavona Gill, Tamara Brown, Nikitia Dixon, | ) **INTERROGATORIES AND** |
| Tammy Williams, Shelda Brodie, Tianna Lynch, | ) **PRODUCE DOCUMENTS** |
| and Lorafaith Ragano, | ) Fed. R. Civ. P. 37 |
|     Defendant(s) | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

I.  INTRODUCTION

On December 19, 2019, corrections officers from the North Carolina Correctional Institution for Women ("NCCIW") transported Plaintiff Tracey Edwards to give birth to her daughter. In violation of North Carolina state regulations and clear constitutional prohibitions against cruel and unusual punishment, they shacked her during transit to the hospital, they shackled her to her bed as soon as she arrived, and they shackled her even after the hospital administered medication to induce her labor. NCCIW employees only unshackled her once she started to push. Then, NCCIW employees shackled Ms. Edwards again less than an hour after giving birth. Defendants repeatedly shackled her postpartum as well, even though they now admit that she posed no risk of escape. On her way home from the hospital, just two days after childbirth, Defendants restrained Ms. Edwards with leg irons, a belly chain, handcuffs, and a black box restraint. Once they arrived at the prison, Defendants made her jump out of the transport vehicle while she was restrained like a person posing a serious security risk—not a woman with a nonviolent offense who just brought her first child into this world.

At NCCIW, Defendants treatment of Ms. Edwards only worsened. Defendants immediately withdrew her from the medication treatment ("MOUD") she received for her opioid use disorder ("OUD") and failed to renew her prescriptions for anxiety and depression medication she received at the hospital. The Defendants, then, made her postpartum recuperation torture: shackling, denial of medication, serious pain, and distress. Ms. Edwards filed a lawsuit on September 2, 2021, against corrections officers and prison officials seeking damages and injunctive relief for violation of the Eighth Amendment of the Constitution, the Americans with Disabilities Act, and the Rehabilitation Act. Dkt. 1.

Since the inception of this case, Plaintiff has attempted to use the discovery process to obtain the evidence needed to support her claims while also accommodating Defendants' repeated extension requests. On the other hand, Defendants and their counsel have treated discovery obligations as optional, promised responses and productions that never materialized, and ignored or rebuffed attempts to meet and confer to

1

narrow disputes. Having exhausted every avenue to get discovery through less adversarial means, and unable to limit issues of dispute due to Defendants' refusal to meet and confer, Plaintiff now asks the Court to compel them to produce the discovery outlined below and to sanction them for their failure to comply with their basic discovery duties.

## II.  BACKGROUND

Plaintiff amended her complaint on December 6, 2021, and April 7, 2022, to correct and add parties, including the officers who shackled her at the hospital, once she learned their identities. Dkt. 26, 39. In March 2022, Plaintiff learned of a personal tragedy affecting Defendants' counsel. As a result of this situation, Ms. Edwards did not serve substantive discovery (i.e., discovery other than that seeking the identity of the officer defendants) until April 14, 2022. On May 6, 2022, as a professional courtesy, Plaintiff agreed to extend the schedule by 60 days. Dkt. 47.

Plaintiff has diligently pursued discovery of evidence that will prove liability and damages, but she has only received discovery responses from Defendant Edwards, which were deficient. Defendants Elton Amos, Gary Junker, James Alexander, Benita Witherspoon, and Eddie Buffaloe, Jr. (collectively, the "Other Defendants") have failed to produce any discovery, despite multiple requests by Plaintiff's counsel, and are now at least 39 days delinquent in responding.[1]

On April 14, 2022, Plaintiff served her Second Requests for Interrogatories and First Requests for Production of Documents ("RFPDs") on Defendant Edwards in her official capacity as Warden of NCCIW.[2] Responses and objections were due on May 16, 2022, but were not served until May 27, 2022. In response to Plaintiff's notice of discovery deficiencies, Defendant Edwards agreed to supplement the production by July 15, 2022, and the Parties agreed to extend the schedule again to account for delays in the initial and

---

[1] Plaintiff's meet and confer efforts are described in greater detail in the Local Rule 7(c) certificate.
[2] Plaintiff has recently learned that Defendant Edwards is no longer the Warden of NCCIW as of August 1, 2022. Because Defendant Edwards was sued in her official capacity only, her successor as warden will be "automatically substituted as a party." Fed. R. Civ. P. 25(d). And this substitution will not have an impact on discovery or other elements of the case. *See id*. *See also Lankford v. Gelston*, 364 F.2d 197, 205, n. 9 (4th Cir. 1966) (fact that defendant Police Commissioner had retired, and his successor not yet appointed, "presents no difficulty" because the Court's "concern is not with the person who happens to hold the office at a particular time, but with the office").

supplemental productions. Dkt. 47. Plaintiff requested to meet and confer regarding the deficient responses multiple times, but Defendants' counsel declined or ignored the requests. Plaintiff's counsel also requested the delayed supplemental discovery—on a rolling basis if necessary—at least six times, and was repeatedly promised that it was forthcoming. However, Defendant Edwards failed to finish the supplementation until August 5, 2022. Due to the delay and inadequacy in the supplemental responses and production, Plaintiff was unable fully to prepare for the 30(b)(6) deposition of NCCIW scheduled for August 9, 2022.[3] And because Defendant Edwards would not meet and confer on the discovery responses and did not finish supplementation until four days before the deposition, Plaintiff was unable to bring more limited discovery disputes before the Court to resolve prior to taking scheduled depositions. The supplemental production was still wholly inadequate, as laid out in more detail below.

On June 2, 2022, Plaintiff served discovery on Defendants Amos and Junker. Responses and objections were due on July 5, 2022. On June 14, 2022, Plaintiff served discovery on Defendants Witherspoon, Buffaloe, and Alexander. Responses and objections were due on July 14, 2022. As of the date of this filing, and despite Plaintiff's counsel's repeated requests for the belated discovery and Defendants' counsel's repeated promises that it was forthcoming, none of these defendants have produced a single document, interrogatory response, or even objection.

Because of the failure to produce any discovery from these defendants, Plaintiff had to cancel pre-scheduled depositions in August for which she was already preparing, and has not been able to move forward in her prosecution of the case or bring more limited discovery disputes to the Court.

### III. APPLICABLE LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense

---

[3] Defendant also failed to adequately prepare the NCCIW 30(b)(6) deposition witness and otherwise raised improper last-minute objections. In the spirit of judicial efficiency, Plaintiff is not now moving on the 30(b)(6) deposition, but reserves her right to do so if future meet and confer efforts do not resolve this dispute.

3

of any party." *Benjamin v. Sparks*, No. 4:14-CV-186-D, 2017 WL 1497930, at *1 (E.D.N.C. Apr. 26, 2017) (cleaned up).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). For purposes of a Motion to Compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The responding party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (citation omitted).

IV.   ARGUMENT

   A.   **Defendants Amos, Junker, Buffaloe, Witherspoon, and Alexander have waived objections and cannot refuse to respond to discovery requests.**

As of August 23, 2022, the Other Defendants have not served any responses, objections, or document production in response to discovery requests served in June, despite multiple requests from Plaintiff's counsel. Thus, they have waived all objections to this overdue discovery, and must produce all requested documents and information. *See TJF Servs., Inc. v. Transportation Media, Inc.*, No. 5:17-CV-00626-RN, 2019 WL 7599942, at *3 (E.D.N.C. Jan. 22, 2019) (dismissing party's objections to discovery request because they were served "after the deadline to respond to the discovery request"). *See also Progress Solar Sols., LLC v. Long*, No. 5:19-CV-5-D, 2020 WL 5808493, at *3 (E.D.N.C. Sept. 29, 2020) ("By not responding to Plaintiffs' document requests, [Defendant] has waived any objections as to their relevance or scope.").

Indeed, Defendants' counsel's repeated promises that the discovery would be forthcoming, when in fact it has never been produced, undermines any argument that these defendants should be provided with more and more time to object and produce. *See Sines v. Kessler*, 339 F.R.D. 96, 110 (W.D. Va. 2021), order approved, No. 3:17-CV-00072, 2021 WL 5492826 (W.D. Va. Nov. 19, 2021) (Defendants "cannot pick

4

which discovery requests they respond to, refuse to acknowledge opposing counsel's efforts to obtain the discovery to which their client is entitled, or ignore court orders directing them to provide or permit discovery") (citation omitted).

The Court should therefore order these Defendants to respond fully to all discovery served on them on June 2, 2022, or June 14, 2022, and to produce all responsive information and documents by a date certain. *Mainstreet Collection, Inc*, 270 at 243 ("Defendants have not produced documents responsive to these requests, nor have they advanced specific grounds for denying production of these documents. Plaintiff's Motion to Compel with regard to Document RFPDs. 3, 4, 6, 9, 17 and 18 is therefore granted.").

### B. Defendant Edwards should be compelled to produce highly relevant documents she is withholding without basis.

Plaintiff's discovery requests to Defendant Edwards seek documents and information that are directly relevant to Plaintiff's allegations and the subject matter of this case, including: (a) documents and information related to Plaintiff; (b) institutional documents related to treatment of pregnant people and people with OUD; (c) personnel records; (d) training documents; (e) the identity of witnesses believed to have relevant information; and (f) other lawsuits against NCCIW. These requests go to Defendants' subjective knowledge of the risk that their actions would expose Plaintiff to serious harm, such as their knowledge of the medical standard of care and their knowledge of whether employees were properly trained and supervised; their actions, including what policies or practices they implemented and oversaw; and information or individuals who can resolve factual disputes, such as written policies and guidelines, and witnesses with discoverable information. Defendant Edwards raised objections only to four requests but has failed to provide fulsome interrogatory responses or document production despite Plaintiff's best efforts.[4]

#### a. Documents and Information Related to Plaintiff

RFPDs 2, 6, 15 17, and 18 and Interrogatories 8, 12, and 14 seek documents and information

---

[4] Defendant Edwards' objections to Interrogatory 9, raised for the first time in the supplemental response on August 5, 2022, are waived. *See Servs., Inc. v. Transportation Media, Inc*., No. 5:17-CV-00626-RN, 2019 WL 7599942, at *3 (E.D.N.C. Jan. 22, 2019).

relating to Plaintiff, her detention at NCCIW, her transportation to and treatment at outside medical facilities, and her medical care. Defendant Edwards did not object to any of these RFPDs or Interrogatories, and produced Plaintiff's medical records and grievances, and a few institutional documents related to Plaintiff's December 2019 hospital visit.

But Defendant Edwards failed to provide fulsome interrogatory responses, including as to the basis for the decision to shackle Plaintiff, deny her MOUD, and cease providing other psychotropic medications, despite Plaintiff's explanation in her First Rule 37 Letter (Exhibit A) as to why this information is necessary and in NCCIW's possession. There also remain outstanding documents and information related to Plaintiff that have not yet been produced, including email communications from when Plaintiff was transported to the hospital to give birth and more fulsome transportation records related to Plaintiff's transportation to Southlight to receive MOUD.[5]

Documents and information related to Plaintiff and Plaintiff's experiences at NCCIW are relevant to her allegations, and there is no basis to withhold them. *See Grady v. Maj. Fane Greenfield*, No. 5:14-CT-3005-D, 2015 WL 12915584, at *3 (E.D.N.C. Aug. 5, 2015) (granting motion to compel production of medical records, incarceration file, and disciplinary reports related to the plaintiff); *Bost v. Wexford Health Sources, Inc.*, No. CV ELH-15-3278, 2017 WL 11453961, at *2-3 (D. Md. Sept. 25, 2017) (Defendants must "articulate the factual basis for their defense" including "whether they have sufficient knowledge" of the Plaintiff's medical condition and cannot merely "direct[] the opposing party to . . thousands of pages of documents").

      **b.** **Institutional Documents Related to Treatment of Pregnant People and People with OUD**

RFPDs 3, 4, 7, 8, 9 14, 16, 25, and 26 seek documents regarding institutional policies and practices concerning the treatment of pregnant and post-partum people, and those with OUD, in the custody of the

---

[5] Defendant Edwards indicated in her supplement responses that more fulsome documents related to Defendants' actions in providing MOUD to Plaintiff are "still being searched for." However, in light of the untimely discovery, repeated misrepresentations about when discovery would be produced, and refusal to meet and confer, this delay should be treated as a failure to answer or respond. *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533-34 (E.D.N.C. 2012), *aff'd* 551 F. App'x 646 (4th Cir. 2014).

North Carolina Department of Public Safety ("NCDPS") or NCCIW.[6] Defendant Edwards did not object to any of these RFPDs, and produced some institutional policies, but not all versions of these policies, and not all of the policies that exist. Defendant Edwards has also produced email communications regarding the MOUD program from 2020 and 2021, but has not produced documents related to the creation of the MOUD program at NCCIW.

There remain outstanding responsive policies, training materials, guidelines, and communications, including the current versions of certain produced policies, policies in place at the time of Plaintiff's incarceration, and email communications regarding changes to NCCIW's MOUD program and NCDPS and NCCIW policies. There likely remain other outstanding documents, such as responsive post orders, audits and incident reports.

Here, where Plaintiff alleges constitutionally infirm policies and practices related to her pregnancy and OUD, the procedures regarding the treatment of such people are clearly relevant. *See Grady v. Maj. Fane Greenfield*, No. 5:14-CT-3005-D, 2015 WL 12915584, at *3 (E.D.N.C. Aug. 5, 2015) (granting motion to compel production of institutional procedure governing segregation and isolation of detainees in solitary confinement case).

    c.    **Personnel Records**

Requests 10 and 12 seek disciplinary reports, complaints, investigations, or other reprimands against Officer Defendants from January 2017 to June 4, 2021, as well as disciplinary reports, complaints, investigations, or other reprimands against other NCCIW employees related to shackling of pregnant and post-partum people, from January 2017 to the present.[7] Defendant Edwards objected to these requests as

---

[6] Defendant Edwards indicated that RFPD 26 will be supplemented. In light of Defendant Edwards' untimely discovery, repeated misrepresentations about when discovery would be produced, and refusal to meet and confer, the ongoing delay should be treated as a failure to answer or respond. *Silicon Knights*, 917 F. Supp. 2d at 533-34.

[7] Despite being sued in her official capacity only, *see* Second Amended Complaint ¶ 12, Dkt. 30, Defendant Edwards repeatedly responds to requests in her personal, rather than official capacity. *See, e.g.*, Response to RFPD 12 ("I can only state that no NCCIW employee has received a complaint . . . during since my time at NCCIW."). As an official-capacity defendant, she must do more. *See, e.g.*, Fed. R. Civ. P. 33(b)(1)(B) (interrogatory served on governmental agency must be answered by "any officer or agent, who must furnish the information available to the party"); *Cave v. Thurston*, No. 4:18-CV-00342- KGB, 2021 WL 4936185, at *3 (E.D. Ark. Oct. 22, 2021) (lawsuit against official-capacity defendant is "no different from a suit against the State itself" in assessing objections to

overly broad, unduly burdensome, and disproportionate to the needs of the case, but stated that there are no disciplinary actions against the Officer Defendants related to the treatment, transportation, or shackling of pregnant offenders.

These objections are unavailing. RFPD 10 has a limited time frame and is limited to only Named Defendants. RFPD 12 has a limited time frame and subject matter: shackling during pregnancy, labor, or post-partum. *Cf. Cain v. Wal-Mart Stores, Inc.*, No. 5:16-CV-221-D, 2018 WL 1434819, at *12 (E.D.N.C. Mar. 22, 2018) (limiting interrogatory request regarding previous claims made against defendants to include temporal and subject matter limitation and granting motion to compel as limited). Defendant Edwards' boilerplate objections fail to state specific reasons these RFPDs are overbroad or unduly burdensome and should thus be deemed waived. *See Johnson v. N. Carolina Dep't of Just.*, No. 5:16-CV-00679-FL, 2018 WL 5831997, at *6 (E.D.N.C. Nov. 7, 2018) ("The repeated use of boilerplate objections with no explanation about why the responding party believed a request to be objectionable violates the Federal Rules' specificity requirement and results in a waiver of the objections.").

The requested documents are relevant to proving that NCCIW had subjective knowledge of the Officer Defendants' conduct. Thus, courts have found that plaintiffs are generally entitled to personnel files including disciplinary actions of prison officers. *See, e.g.*, *Scott v. Bennet*, 3:18-cv-00583-FDW, 2020 WL 1249386, at *3 (W.D.N.C. Mar. 16, 2020) (compelling Defendants to produce Defendants' personnel files and disciplinary files after Defendants refused to produce such materials in an Eighth Amendment claim brought against prison officials); *see also Johnson*, 2018 WL 5831997, at *11 (granting motion to compel production of some personnel records because "documents related to prior allegations of discrimination and retaliation against some individuals" were relevant to plaintiff's claim of retaliation).

### d. Training Documents

---

discovery requests); *Greene v. Shegan*, No. CV 12-109 (RWR) (AK), 2012 WL 13213024, at *2 (D.D.C. Sept. 21, 2012), objections overruled, 917 F. Supp. 2d 146 (D.D.C. 2013) (ordering District of Columbia to respond to discovery requests when the plaintiff had sued a police officer in his official capacity). Thus, to the extent that Defendant Edwards is withholding responsive information or documents to these or other requests because they are not within her personal capacity or knowledge, they must be produced.

8

Interrogatory 10 seeks information regarding NCCIW's trainings.[8] Defendant Edwards did not object but has provided information about only one training that postdates Plaintiff's incarceration. There remain outstanding training documents, including training materials and lists of which individuals attended which trainings. Courts have identified training records as relevant to Eighth Amendment cases. *See, e.g.*, *Scott*, 2020 WL 1249386, at *3 (compelling Defendants to produce training files in an Eighth Amendment claim brought against prison officials).

### e. Identity of Witnesses Believed to Have Relevant Information

Interrogatory 7 seeks the identity of individuals with discoverable information, including individual who participated in decisions related to implementation of relevant policies and practices. Defendant Edwards did not object, but has responded only in her personal capacity, and has not provided the names of any witnesses, other than referring to the previously-provided names of the correctional officers who escorted Plaintiff to the hospital when she gave birth. Defendants' initial disclosures likewise did not include names of any non-parties. The requested information is relevant, and there is no basis to withhold it. *See Liu v. Eaton Corp.*, No. 5:20-CV-255-FL, 2022 WL 135798, at *3 (E.D.N.C. Jan. 13, 2022) (granting motion to compel response regarding identities of potential witnesses because request is within permissible scope of discovery).

### f. Other Lawsuits Against NCCIW

Interrogatory 9 seeks information about lawsuits filed against Defendants within the past five years related to medical care. Such information goes to Defendants' knowledge of harm and deliberate indifference. *Cf. Oldaker v. Lowe's Home Centers, LLC*, No. 2:21-CV-14, 2022 WL 1433457, at *4 (N.D.W. Va. May 5, 2022) ("evidence of prior similar incidents may be used for the purpose proving deliberate intention"). Defendant Edwards did not object and initially answered the Interrogatory in her

---

[8] In response to RFPD 11 for documents related to Officer Defendants' training, Defendant Edwards initially objected as overly broad and unduly burdensome. In her supplemental response, Defendant Edwards states that the RFPD will be answered in Officer Defendants' discovery responses. While Plaintiff maintains this is an improper basis to withhold information, as the Officer Defendants' training is relevant to whether Defendants were deliberately indifferent, in the spirit of judicial efficiency, Plaintiff is not moving to compel a response to Request 11 in order to allow time for the Officer Defendants to produce discovery.

9

personal capacity. Her supplemental response failed to cure this deficiency.

## V. SANCTIONS

The Defendants not only refused to produce responsive discovery, but have refused to meet and confer with Plaintiff to narrow areas of dispute, requiring Plaintiff to move to compel on nearly every request served. The Court may "order sanctions" on a party that has failed "to serve its answers, objections, or written response" to interrogatories or document requests. Fed. R. Civ. P. 37(d)(1)(A)(ii). Such sanctions "must" include "reasonable expenses, including attorney's fees . . . unless the failure was substantially justified" or such an order would otherwise be unjust. Fed. R. Civ. P. 37(d)(3). *See also Valle v. Wolff*, 627 B.R. 821, 827 (D. Md. 2021) (sanctions of "reasonable attorney's fees" are "mandatory" if party fails to respond to discovery).

Here, the failure is not justified. Plaintiff scheduled depositions and agreed to schedule extensions based on Defendants' counsel's representations that discovery would be produced and supplemented relatively timely. She is stymied in her ability to prosecute the case, and Defendants have not provided proper objections to discovery, but rather have agreed—and then failed—to produce and/or supplement discovery. Thus, such sanctions are warranted. *See id.* at 829 (sanctions not awarded if there was a "genuine dispute" over discovery production, but mandatory if failure was caused by counsel's "own inadvertence" or "[b]eing too busy"). By failing to produce and supplement discovery timely, failing to request extensions, and failing to meet and confer with Plaintiff's counsel, Defendants and their counsel have held up the normal progress of this litigation and prevented Plaintiff from vindicating her rights. The Court should therefore issue sanctions, including at least costs and attorneys' fees incurred in drafting this Motion and Plaintiff's earlier attempts to meet and confer with Defendants.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff Tracey Edwards respectfully requests this Court to enter an order compelling Defendants Edwards, Amos, Junker, Alexander, Buffaloe, and Witherspoon to produce the requested discovery, and to impose sanctions on the Defendants, including the payment of attorneys' fees and expenses.

Dated: August 23, 2022                                      Respectfully submitted,


                                                            */s/ Lauren Kuhlik*
                                                            Lauren Kuhlik (*By Special Appearance*)
                                                            *Hassan Zavareei (*Notice of Special Appearance to be Filed*)
                                                            **TYCKO & ZAVAREEI LLP**
                                                            1828 L Street NW, STE 1000
                                                            Washington, D.C. 20036
                                                            Phone: (202) 973-0900
                                                            Facsimile: (202) 973-0950
                                                            Email: hzavareei@tzlegal.com
                                                                       lkuklik@tzlegal.com

                                                            Erika K. Wilson
                                                            N.C. Bar. No. 45020
                                                            Elizabeth Guild Simpson
                                                            N.C. Bar No. 41596
                                                            **University of North Carolina School of Law Clinical Programs**
                                                            102 Ridge Road
                                                            Chapel Hill, NC 27514
                                                            Telephone: (919) 962-2552
                                                            Fax: (919) 962-2883
                                                            Email: wilsonek@live.unc.edu
                                                                       elizabeth@emancipatenc.org

                                                            *Local Rule 83.1 (d) Counsel for Plaintiff*


                                                            April N. Ross (*By Special Appearance*)
                                                            NC Bar No. 35478
                                                            **Aryeh Mellman (*Notice of Special Appearance to be Filed; Admission to Federal Court Pending*)
                                                            **CROWELL & MORING LLP**
                                                            1001 Pennsylvania Avenue NW
                                                            Washington, DC 20004
                                                            Phone: (202) 624-2500
                                                            Email:  aross@crowell.com
                                                                       amellman@crowell.com

                                                            *Oren Nimni (*Notice of Special Appearance to be Filed*)
                                                            **Rights Behind Bars**
                                                            416 Florida Avenue, NW #26152
                                                            Washington, D.C. 20001
                                                            Phone: (202) 540-0029
                                                            Email: oren@rightsbehindbars.org

*Counsel for Plaintiff*

**Local Rule 7(c)(2) Certification**

I hereby certify that Plaintiff Tracey Edwards, through counsel, has made a good faith effort to secure the discovery that she requests to be compelled herein, but the discovery material sought has not been provided.

Plaintiff served discovery requests on Defendant Claudette Edwards on April 14, 2022. Responses and objections were due on May 16, 2022, but were not provided until May 27, 2022. Plaintiff advised Defendant Edwards of deficiencies in the production and responses in a detailed Rule 37 Letter served June 23, 2022 ("First Rule 37 Letter"), attached as **Exhibit A**. The First Rule 37 Letter requested that Defendant Edwards respond fulsomely by July 1, 2022, and proposed a meet and confer to address the areas of disagreement. Plaintiff's counsel reiterated the offer to meet and confer broadly or on discrete issues over email on June 23 and June 27, 2022. Defendants' counsel declined to meet and confer, agreed to supplement the discovery responses and production, and then requested a two-week extension (to July 15, 2022), which Plaintiff agreed to, upon condition of a second schedule extension to account for the delays in the initial and supplemental productions.

Defendant Edwards failed to produce any supplemental interrogatory responses or documents by this date. Plaintiff's counsel requested supplemental responses on July 19, and 25, but the responses to the Requests for Production of Documents were not supplemented until July 27, 2022.

Plaintiff's counsel requested the still-outstanding supplemental interrogatory responses on July 28, August 2, August 3, and August 4. Defendant Edwards' supplemental Interrogatory responses were finally produced on August 5, 2022, 21 days after the supplemental deadline and only 4 days before the scheduled 30(b)(6) deposition of NCCIW.

The supplemental responses and production were wholly inadequate and failed to cure many of the deficiencies identified in the First Rule 37 Letter, despite Defendants' counsel's repeated refusals to meet and confer.

Plaintiff served discovery requests on Defendants Amos and Junker on June 2, 2022, with responses and objections due July 5, 2022. She served discovery requests on Defendants Witherspoon, Buffaloe, and Alexander on June 14, 2022, with responses and objections due July 14, 2022. Plaintiff's counsel requested the belated responses and production on July 19, July 20, and August 2. Defendants' counsel repeatedly indicated an intention to serve the discovery responses and objections relatively timely. But these defendants never served a single response or objection, or produced a single document, in response to any of the discovery requests.

On August 12, 2022, Plaintiff sent Defendants a second Rule 37 Deficiency Letter ("Second Rule 37 Letter") outlining continuing deficiencies in the discovery provided by Defendant Edwards and the need for the other defendants to respond to the discovery requests served on them in June 2022. Plaintiff noted that she would file a motion to compel on all overdue discovery not produced by August 19, 2022. In the cover email, she also offered to meet and confer on discrete issues. The Second Rule 37 Letter is attached as **Exhibit B.**

/s/ Lauren Kuhlik
Lauren Kuhlik