IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CT-3270-D

| | |
|---|---|
| TRACEY EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      O R D E R |
| | ) |
| ERIK HOOKS, et al., | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on Plaintiff's motion for sanctions, [DE-97], to which Defendants filed a response, [DE-101], and Plaintiff filed a reply and sur-reply,[1] [DE-104-1, -109]. The court held a hearing on the motion on May 25, 2023, and heard argument from counsel for the parties. For the reasons that follow, the motion for sanctions is allowed in part and denied in part.

I. **Standard of Review**

Rule 37(b) provides that when a party fails to obey an order to provide or permit discovery, the court "may issue further just orders" that may include the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[1] Plaintiff's motions for leave to file a reply and sur-reply, [DE-104, -107], are allowed.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). "A district court has wide discretion under Rule 37(b)(2) . . . to impose sanctions for failure to comply with discovery orders." *Jackson v. Vance Cnty.*, No. 5:97-CV-103-BO, 1997 WL 906015, at *1 (E.D.N.C. Nov. 26, 1997) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richard & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989)); *King v. CMH Homes, Inc.*, 5:16-CV-693-D, 2017 WL 3037479, at *2 (E.D.N.C. June 21, 2017), *adopted*, 2017 3034269 (E.D.N.C. July 17, 2017). "[I]n 'determining what sanctions to impose under Rule 37,' a district court must consider four factors: '(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (citations omitted); *Doe v. Putney*, No. 3:18-CV-00586-RJC-DSC, 2022 WL 3335774, at *8 (W.D.N.C. Aug. 12, 2022). Further, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## II. Discussion

This case concerns the propriety of shackling Plaintiff, an inmate at the North Carolina Correctional Institution for Women ("NCCIW"), at various times during her transport to the hospital to give birth, hospital stay, transport back to the institution, and post-partum recuperation period, as well as the post-partum medical treatment Plaintiff received at NCCIW related to her opioid addiction. The parties have been engaged in discovery, which is set to conclude on June 27, 2023.

2

Case 5:21-ct-03270-D     Document 127     Filed 05/26/23     Page 2 of 8

The Plaintiff's motion for sanctions relates to three distinct issues: (1) the court's November 28, 2022 order granting in part Plaintiff's motion to compel as to Defendants Buffaloe (Secretary of DPS), Witherspoon (NCCIW Warden at the time of the events), Edwards (Warden at the time discovery was served), Alexander (Healthcare Facility Treatment Administrator), Junker (Director of Health and Wellness for DPS), and Amos (NCCIW Medical Director) (collectively the "Non-officer Defendants"); (2) the July 22, 2022 and November 4, 2022 discovery requests served on Defendants Gill, Dixon, Williams, Lynch, and Brodie (collectively, the "Officer Defendants"); and (3) the NCCIW 30(b)(6) depositions. Plaintiff asks the court to impose both monetary and issue sanctions on Defendants.

### A. The Court's Order re: the Non-Officer Defendant Discovery

On November 28, 2022, the court granted in part Plaintiff's motion to compel as to the Non-Officer Defendants. [DE-88]. The court found that several Defendants did not conduct a reasonable search in order to respond to the discovery requests and/or their responses were inadequate and required supplementation. Plaintiff now contends that, based on certain Defendants' deposition testimony that they did not conduct a search for responsive documents or that certain documents existed that have not been produced, it is apparent the Non-Officer Defendants did not fully comply with the court's order on the motion to compel. Specifically, Plaintiff asserts the Non-Officer Defendants failed to produce five categories of documents: (1) email communications between NCCIW and DPS officials regarding relevant policies; (2) NCCIW shackling policies; (3) training records; (4) communications related to Ms. Edwards and/or the creation of the medications for opioid use disorder ("MOUD") program at NCCIW; and (5) all versions of the NCCIW policies that Ms. Edwards' counsel requested by name from defense

3

counsel on August 9, 2022, and November 21, 2022. [DE-98] at 3–8. At the hearing, Plaintiff's counsel confirmed that the documents had still not been produced.

Defendants responded that they produced all relevant NCCIW policies and SOPs related to offender restraint and transportation and there was Medication Assisted Treatment ("MAT") at NCCIW but not a MOUD program, so there were no MOUD responsive documents to produce. [DE-101] at 2–4. At the hearing, Defendants' counsel explained that many of the requested documents were in the custody of the agency and not the individual Defendants; training records were produced by the training coordinator not the individual Defendants; and some Defendants, for example Witherspoon, no longer have access to their emails or computer from the time at issue so the agency conducted the search and responded, which explains why some of the Defendants stated in their depositions that they did not search for documents.

Regardless of whether the failure to produce documents as ordered by the court lies with the individual Defendants or the agency responding on their behalf, it is apparent that there was not full compliance with the court's order on the motion to compel. At the hearing, Plaintiff's counsel described relevant documents that came to light during depositions that should have been produced pursuant to the court's order, including written communications between NCCIW and DPS regarding relevant policies and MOUD, earlier versions of policies, and training for nurses related to MOUD. Furthermore, Plaintiff's counsel confirmed that certain requested policies that Defendants agreed to produce had still not been produced. Accordingly, the court finds that the Non-Officer Defendants failed to fully comply with the court's prior order to supplement their discovery responses.

Turning to the appropriate sanction, the court does not find that Defendants acted in bad faith. Rather, much of the failure appears to be from the parties' genuine dispute as to whether

4

documents related to MAT are responsive to requests for documents related to MOUD. The court finds that Defendants should have produced documents related to both MAT and MOUD in response to Plaintiff's discovery requests. However, the court finds that the failure was not a result of bad faith and issue sanctions are not appropriate where, under the circumstances, there is no strong need for deterrence and a less drastic monetary sanction will be effective. As for the other documents, such as older versions of policies, training documents, or specifically requested policies that have not been produced, Defendants' counsel appears to have believed many had already been produced or was not aware of the documents prior to the filing of the motion. Nonetheless, Plaintiff has been substantially prejudiced by not having access to these documents prior to depositions, delayed in the prosecution of her case, and forced to incur additional costs in bringing the motion for sanctions. Thus, the court finds that monetary sanctions in the form of attorney's fees and costs in bringing the motion and for meet and confer efforts prior to bringing the motion and in ensuring compliance with this order are an appropriate sanction.

Plaintiff shall file a fee application, by no later than the close of discovery, including an affidavit setting out her reasonable attorney's fees and costs and a supportive memorandum of law to include addressing the reasonableness of counsel's time expended and hourly rates. Defendants shall have fourteen (14) days to file any objection to the reasonableness of the fee request. Furthermore, Defendants must produce all responsive information and documents identified by Plaintiff or responsive to the court's prior order that were not previously produced by no later than **June 16, 2023**. The court orders counsel for the parties to promptly meet and confer regarding what is outstanding and how Defendants intend to identify further responsive documents in order to ensure full compliance with this order.

### B. The Officer Defendant Discovery

Plaintiff contends the Officer Defendants' responses and deposition testimony reflect they did not conduct a reasonable investigation or produce sufficient responses, Brown failed to respond at all, and Gill did not respond to RFPs. [DE-98] at 8–10. Defendants responded that all training records have been produced from a central database and any on-the-job training was not formally recorded such that it can be produced. Defendants also acknowledge that Brown has not responded and that they are still trying to obtain his responses. [DE-101] at 3–4.

As for Brown's complete failure to respond to discovery and Gill's failure to respond to the RFPs, under Rule 37(d)(1)(A)(ii), the court may order sanctions. The court in its discretion will allow these Defendants a final opportunity to respond. However, any objections to the relevance or scope of the requests are waived, where Defendants have demonstrated no good cause to excuse the failure in light of length of delay and total failure to respond. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). The court will permit Brown and Gill to assert any valid claim of privilege in the responses to the interrogatories, which must be expressly asserted in response to the particular discovery request involved and served with a privilege log in conformance with Fed. R. Civ. P. 26(b)(5)(A). Responses shall be provided by no later than **June 16, 2023**.

As for the other asserted deficiencies, the court's November 28, 2022 order did not address any discovery served on the Officer Defendants. Therefore, the court cannot find that the Officer Defendants failed to obey an order to provide or permit discovery, as required for the imposition of sanctions under Rule 37(b). However, the court finds that further meet and confer efforts are likely to render efficiencies to the parties and the court by narrowing or eliminating the issues in

6

dispute where it is apparent that there is information and responsive documents that were not produced. *See* Fed. R. Civ. P. 1 (providing the Rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). For example, Defendants' counsel explained at the hearing that she recently learned that a separate state agency may conduct a thorough email search with agreed upon terms. Additionally, with respect to training documents, while Defendants provided responsive documents from a centralized database, that does not absolve the individual Defendants from making a good faith effort to provide any responsive information they might possess. Accordingly, counsel shall promptly meet and confer regarding what is outstanding and how Defendants intend to identify further responsive information and documents, and supplementation shall occur by no later than **June 16, 2023**.

### C. The NCCIW 30(b)(6) Depositions

Plaintiff contends the 30(b)(6) witnesses for NCCIW were unprepared to testify on designated topics. [DE-98] at 10–11. Defendants assert the topics were broad, although the court is not aware of any objection lodged prior to the depositions, and Defendants also contend that because four individuals were designated, who may testify on different aspects of the same topic, i.e., custody, medical, psychiatric, administration, etc., sanctions are premature where only two of the four have been deposed. [DE-101] at 4–5.

At the hearing, Defendants conceded that the 30(b)(6) witnesses could have been better prepared. While witnesses were cross designated on five of twenty topics, there were fifteen topics on which no other witness was designated to testify. Therefore, the deficient testimony cannot be cured by obtaining testimony on those topics from other witnesses. Again, while there is no apparent bad faith, Plaintiff's ability to obtain evidence to prosecute her case has been greatly

7

prejudiced by the ill-prepared 30(b)(6) witnesses. With two remaining witnesses left to sit for deposition, there is a need for deterrence so that these future witnesses will be adequately prepared to testify. The court finds that the deficiency can only be cured by allowing Plaintiff to reopen the two previously conducted depositions, and Defendants shall bear the Plaintiff's attorney's fees and costs associated with the second depositions. *See Graham v. Dhar*, No. CV 1:18-00274, 2019 WL 6999688, at *2 (S.D.W. Va. Dec. 19, 2019) (finding claim that 30(b)(6) witness was unprepared clearly falls within the scope of Rule 37(d)(1)(A) where "[i]t has . . . been widely established that "'[p]roducing an unprepared [Rule 30(b)(6)] witness is tantamount to a failure to appear.'") (quoting *Scott Hutchison Enterprises, Inc. v. Cranberry Pipeline Corp.*, 318 F.R.D. 44, 54 (S.D.W. Va. 2016) (quoting United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C. 1996))). Plaintiff shall file a fee application, by no later than the close of discovery, including an affidavit setting out her reasonable attorney's fees and costs and a supportive memorandum of law to include address of the reasonableness of counsel's time expended and hourly rates. Defendants shall have fourteen (14) days to file any objection to the reasonableness of the fee request.

## III. Conclusion

For the reasons stated herein, the motion for sanctions is allowed in part and denied in part.

SO ORDERED, the 26th day of May, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge