THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3270-D

| | |
|---|---|
| Tracey Edwards, | |
| Plaintiff | |
| v. | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS OF PAUL ADLER, D.O.** |
| Todd Ishee, Benita Witherspoon, Anthony Perry, James Alexander, Gary Junker, Elton Amos, Kavona Gill, Tamara Brown, Nikita Dixon, Tammy Williams, Shelda Brodie, Tianna Lynch, and Lorafaith Ragano, | |
| Defendants | |

Defendants' Opposition to Plaintiff's Motion to Exclude the Opinions of Paul Adler, D.O. fails to address the substance of Plaintiff's arguments as to why Dr. Adler's expert opinions are inadmissible under Federal Rule of Civil Procedure 26, Federal Rule of Evidence 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Most glaringly, Defendants do not even attempt to argue that Dr. Adler's opinions are medical opinions—the only type of opinion that would be a proper rebuttal to Dr. Stuebe's medical standard of care opinions. Defendants likewise ignore or skirt around each of Plaintiff's other arguments by making conclusory assertions, incorrectly characterizing Dr. Adler's opinions despite his own contrary admissions, and focusing on peripheral issues.

For the reasons below and in Plaintiff's Motion, Dr. Adler's opinions are not admissible and Plaintiff requests that the Court exclude them.

1

### I. Defendants Do Not Address The Reasons Dr. Adler's Opinions Are Not Proper Rebuttal Opinions.

As explained in Plaintiff's Motion, there are two central reasons why Dr. Adler's opinions are not proper rebuttal opinions. *First*, Plaintiff's expert, Dr. Stuebe, offers *medical standard of care* opinions, yet Dr. Adler's purported "rebuttal" opinions are not medical in nature, as he freely admits. *Second*, nothing about Dr. Stuebe's opinions was unexpected such that Defendants could not have addressed it in a timely-filed affirmative expert disclosure. Defendants do not address, or mention, either of these central issues.

#### A. Dr. Adler's Opinions Are Not Medical Opinions.

Defendants do not even try to argue that Dr. Adler is offering *medical standard of care* opinions, nor could they. As Dr. Adler testified countless times, his opinions are about the "accepted practice" to manage incarcerated people in the correctional setting, not the medical standard of care:

> Q. . . . [W]ere you asked to offer an opinion on – on the standard of care at all?
>
> A. I was asked to offer an opinion on the accepted practices, and if there was one accepted practice nationwide or if there was many accepted practices.

Ex. D to Plaintiff's Motion, Adler Deposition Transcript ("Tr.") at 208:23-209:4. Dr. Adler repeatedly testified that his opinions about "accepted practice" are *not* grounded in or even related to medical appropriateness. *See, e.g. id.* at 118:1-4 ("I'm just saying what was the accepted practice in 2019. I don't judge what's medically appropriate. I'm just saying what was the accepted practice."); 118:16-18 ("I'm giving you accepted practice on – I don't comment on medically appropriate or not."); 185:11-13 ("Whether [the accepted practice of not having medication assisted treatment in 2019] that's right or wrong, better or not, that's not something that I was

2

asked to opine on."); 204:22-24 ("Whether I feel [DOC's withdrawal protocol] it's better or worse is really irrelevant. I'm just saying what it was."); 205:8-10 ("What I said is that the care that she got met the accepted practices from other jails. Whether it was better or worse, I didn't opine on.").

Without addressing the core defect in Dr. Adler's opinions—his failure to offer medical opinions in rebuttal of Plaintiff's expert's medical opinions—Defendants recite the broad subject matter of Dr. Adler's opinions to suggest that they cover the same three general areas as Dr. Stuebe's opinions: restraints, psychiatric care, and MOUD. But the mere fact that Dr. Adler's opinions relate to the same general subject matter as Dr. Stuebe's does not make them proper rebuttal. "[E]xpert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." *Boles v. United States*, No. 1:13-CV-489, 2015 WL 1508857, at *2 (M.D.N.C. Apr. 1, 2015) (internal citation omitted).

### B.   Dr. Adler's Opinions Do Not Respond To Anything Unexpected.

Defendants characterize Dr. Adler's opinions as "rebuttal" opinions, yet completely ignore Plaintiff's argument that Dr. Adler's opinions do not concern any unexpected or unanticipated opinion or evidence as rebuttal opinions must. "If the purpose of expert testimony is 'to contradict an expected and anticipated portion of the other party's case-in chief, then the witness is not a rebuttal witness or anything analogous to one.'" *Boles*, 2015 WL 1508857, at *2 (internal citation omitted). Defendants cannot plausibly argue that Dr. Stuebe's opinions, which go to the core allegations in this case about Defendants' unconstitutional conduct, were an unexpected or unanticipated part of Plaintiff's case-in-chief. *See* Second Amended Complaint, ECF No. 39, ¶¶ 51, 189, 150.

3

Relatedly, "a party may not use rebuttal as an attempt to introduce evidence that he should have introduced in *his* case-in-chief." *Steele v. Kenner,* 129 F. App'x 777, 780 (4th Cir. 2005) (emphasis added). In *Scott v. Clarke*, No. 3:12-cv-00036, 2014 WL 5386882 (W.D. Va. Oct. 22, 2014), another Eighth Amendment case, the court held that medical expert testimony offered by the defendant Department of Corrections was not proper rebuttal testimony because it should have been offered in the Department's case-in-chief. The expert testimony:

> would do nothing more than support the [Department of Correction]'s position in this litigation that the medical care provided at [the prison] does not violate the Eight Amendment standards. As such, [] their testimony would be admissible only as evidence constituting a fundamental part of the [Department of Correction]'s case-in-chief; not as "rebuttal" to the opinions offered by the Plaintiffs' expert.

*Id.* at *4. Dr. Adler's opinions are not proper rebuttal opinions for this same reason—they simply go to Defendants' case-in-chief.

Dr. Adler's opinions are not medical in nature and do not respond to anything unexpected or unanticipated. As a result, they are not proper rebuttal opinions and should be excluded for that reason alone.

## II. Defendants Do Not Address The Reasons Dr. Adler's Opinions Are Inadmissible Under Rule 702 and *Daubert*.

Even if Dr. Adler's opinions were proper rebuttal opinions, they are inadmissible under Rule 702 and *Daubert* for the multiple reasons detailed in Plaintiff's Motion. Defendants fail to address the fatal defects in each of Dr. Adler's opinions. As the proponents of Dr. Adler's expert opinion, it is Defendants' burden to establish its admissibility "by a preponderance of proof." *Free v. Bondo-Mar-Hyde Corp.*, 25 Fed. Appx. 170, 172 (4th Cir. 2002). Defendants do not meet their burden.

A.  **Dr. Adler's Opinions Are Outside His Expertise.**

Defendants do not dispute that Dr. Adler is only qualified by his education and training to offer medical opinions. Yet they fail to explain how any of Dr. Adler's opinions are, in fact, *medical* opinions, and Dr. Adler himself concedes they are not. Rather, Defendants assert in conclusory fashion that Dr. Adler is offering opinions about the "standard of care." *See, e.g.*, Defendants' Opposition ("Opp.") at 7, 11, 12. But this is contradicted by Dr. Adler's own testimony. *See supra* at 2-3. And regardless of the term of art one uses to describe Dr. Adler's opinions, the problem remains that his opinions are not *medical* in nature. *See id.* Dr. Adler is "qualified as an expert by knowledge, skill, experience, training, or education," FRE 702, only to offer medical opinions. His non-medical opinions—which are all of his opinions—should be excluded.

B.  **Dr. Adler's Opinions About Restraints And MOUD Are Unreliable, As He Uses No Methodology And They Lack Foundation.**

Defendants do not address Dr. Adler's methodology at all, let alone respond to Plaintiff's arguments about the specific ways in which Dr. Adler's opinions lack any reliable foundation or methodology—for example, they do not defend his failure to review key parts of the factual record, his failure to review key studies that contradict his opinions, or his inability to articulate any basis for his opinions outside of his own anecdotal observations. Defendants instead argue that Dr. Adler's opinions are based on his specialized knowledge and the Court should take him at his word.[1] Opp. at 12-13. But simply pointing to Dr. Adler's experience (the same thing Dr. Adler does himself) does not prove his opinions are reliable, nor does it establish a reliable methodology

---

[1] Defendants incorrectly assert that Dr. Stuebe "completely lacks" experience with providing medical care to pregnant prisoners. Opp. at 12. As a physician at UNC (where Plaintiff delivered her baby in this case), Dr. Stuebe regularly provides maternity care for incarcerated individuals. *See* Ex. A to Plaintiff's Motion, Stuebe Report, at 1.

or sufficient factual foundation. While "[i]n the abstract, experience is a reliable basis for expert testimony . . . the reliability inquiry must probe into the relationship between the experience and the expert testimony when experience is the primary building block of the expert testimony." *In re Ethicon*, MDL No. 2327, 2016 WL 4944522, at *3 (S.D.W.V. Sept. 2, 2016). "Even when an expert is eminently qualified to opine on an issue, the expert must still actually *apply* a reliable methodology to the facts." *Hambrick v. Ken-Bar Mfg. Co.*, 422 F. Supp. 2d 627, 633 (W.D. Va. 2022). Dr. Adler applied *no* methodology, and his restraint and MOUD opinions should be excluded.

### C. Dr. Adler's Opinions About Psychiatric Care Invade The Province of Jury.

Defendants do not address Plaintiff's argument that Dr. Adler's psychiatric-related "opinions" are mere recitation of medical records and speculation about factual questions. Most of Defendants' argument in this section is irrelevant, relating to *other* opinions and *other* admissibility considerations. To the extent Defendants address the relevant issue at all—whether Dr. Adler's opinions usurp the jury's fact-finding role—it is only to characterize Dr. Adler as offering "opinions" without support or explanation.[2] Opp. at 13-14. "[D]etermination of the facts from the evidence in th[e] case is a task reserved to the jury." *Lightfoot v. Georgia-Pac. Wood Prod., LLC*, No. 7:16-CV-244-FL, 2018 WL 4517616, at *17 (E.D.N.C. Sept. 20, 2018). Dr. Adler's opinions, which "merely regurgitate[] factual information," should be excluded. *City of Huntington v. AmerisourceBergen Drug Corp.*, No. CV 3:17-01362, 2021 WL 1320716 at *2 (S.D. W. Va. Apr. 8, 2021).

---

[2] Defendants also assert that Dr. Adler has adequate *knowledge* to opine about which psychiatric medications were available. Opp. at 14-15. But this opinion is irrelevant to the allegations in this case, which do not concern the particular psychiatric medication Plaintiff received, but rather the fact that she did not receive *any* psychiatric medications or care post-partum. Nor is this argument responsive to the question of whether Dr. Adler's opinions invade the province of the jury.

6

### D. Dr. Adler Offers Inappropriate Personal Opinions And Commentary.

While conspicuously failing to defend Dr. Adler's inappropriate remarks, Defendants claim they provide "context." Opp. at 15. But Defendants do not, and cannot, explain how Dr. Adler's personal, biased, and baseless opinions about things such as Plaintiff's reproductive decision-making, Plaintiff's credibility, and Dr. Adler's personal attitude toward incarcerated people are relevant to any opinion Dr. Adler offers, much less how they are supported by any record evidence or his own expertise. Dr. Adler's personal opinions and irrelevant comments are "inflammatory and will not assist the trier of fact." *Baumann v. Am. Fam. Mut. Ins. Co.,* 836 F. Supp. 2d 1196, 1203 (D. Colo. 2011). They should be excluded.

### III. CONCLUSION

For the reasons above and in Plaintiff's Motion, Dr. Adler's opinions are not proper rebuttal opinions under Federal Rule of Civil Procedure 26 and do not meet Rule 702's standard for admissible expert evidence. Plaintiff requests that the Court exclude Dr. Adler's opinions in their entirety.

Dated: September 6, 2023

Respectfully submitted,

*/s/ April N. Ross*
April N. Ross (*By Special Appearance*)
NC Bar No. 35478
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (202) 624-2500
Email: aross@crowell.com

Lauren Kuhlik (*By Special Appearance)*
Hassan Zavareei (*By Special Appearance)*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006

7

Case 5:21-ct-03270-D   Document 169   Filed 09/06/23   Page 7 of 8

Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: hzavareei@tzlegal.com
   lkuhlik@tzlegal.com

Erika K. Wilson
N.C. Bar. No. 45020
Elizabeth Guild Simpson
N.C. Bar No. 41596
**University of North Carolina
School of Law Clinical Programs**
102 Ridge Road
Chapel Hill, NC 27514
Telephone: (919) 962-2552
Fax: (919) 962-2883
Email: wilsonek@live.unc.edu
   elizabeth@emancipatenc.org

*Local Rule 83.1 (d) Counsel for Plaintiff*

Oren Nimni (*By Special Appearance)*
D Dangaran (*By Special Appearance*)
**Rights Behind Bars**
416 Florida Avenue, NW #26152
Washington, D.C. 20001
Phone: (202) 540-0029
Email: oren@rightsbehindbars.org
   d@rightsbehindbars.org

*Counsel for Plaintiff*