THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:21-CT-03270-D

| | |
|---|---|
| TRACEY EDWARDS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    **NOTICE OF FILING** |
| TODD ISHEE, et al., | )<br>)<br>) |
| Defendants. | ) |

**NOW COME** Defendants, by and through undersigned counsel, to notify the Court of the following:

1. On August 3, 2023, the Court issued an Order [DE 147] requiring the parties to confer and jointly submit at least three dates upon which they and other required attendees under Local Civil Rule 101.2(d)(1) are mutually available for a settlement conference.

2. Plaintiff's counsel emailed the undersigned on August 7, 2023, with dates and preferences for mediation. Undersigned counsel responded on August 8, 2023, with Defendants' availability and informed Plaintiff's counsel that Defendants intended to ask the court to excuse the insurance carrier from attendance. Plaintiff's counsel responded that they did not object to the insurance representative attending virtually.

3. On August 11, 2023, the parties filed a Joint Notice of Proposed Dates for Settlement Conference. [DE 155] That notice included requests from both parties to excuse certain individuals from in-person attendance. *Id.* The Notice also informed the Court that Defendants

would be filing a formal motion and memorandum of law in support of its request to excuse in-person attendance of a representative from the insurance carrier. *Id.*

4. Undersigned counsel submitted a motion and supporting memorandum of law on August 14, 2023. [DE 156] Plaintiff did not submit a formal motion or brief in support of its request to excuse parties.

5. On August 17, 2023, the Court issued an Order setting the settlement conference for September 8, 2023, and scheduling a telephone conference to address the parties' requests for certain individuals to be excused from in-person attendance. [DE 159].

6. The telephone conference was held on August 21, 2023, during which the Court granted Plaintiff's request and denied Defendants' requests. Undersigned counsel notified the insurance carrier of the Court's denial of the request to excuse attendance by a representative of the insurance carrier that same day. The Court memorialized this ruling in an Order entered on August 22, 2023. [DE 162].

7. Defendants shared the Court's Order with the insurer's counsel on August 23, 2023. The Order specifically provides, "A representative of the carrier shall attend the entire settlement conference in person. Local Civ. R. 101.2(d)(1)(iii) (E.D.N.C.). The representative shall have full authority to settle and shall be a person other than the carrier's outside counsel." [DE 162]

8. Counsel for the insurance carrier responded that the insurance policy is an indemnity-only policy and that the insurer therefore has no authority to settle a claim and only the Defendants should be required to attend under the language of the Local Rule. The insurer's counsel also notified the undersigned that the insurer is based in London. Insurer's counsel asked if Defendants would be open to filing a motion for reconsideration.

2

9. Undersigned counsel filed a Motion for Reconsideration, explaining the insurer's stated position that the State reserves all the rights to determine how to settle the case, and thus, without authority to settle the claim, the insurer falls outside the scope of Local Civ. R. 101.2(d)(iii). [DE 168]

10. Plaintiff filed a response opposing the Motion for Reconsideration. [DE 170]

11. The Court denied Defendants' Motion for Reconsideration on September 6, 2023. [DE 171]

12. On September 7, 2023, undersigned counsel was contacted via email by attorney Joseph Aguirre of Wood Smith Henning & Berman LLP, stating he would be attending the settlement conference on behalf of the insurer.

13. Undersigned counsel called Mr. Aguirre immediately to confirm whether the insurance company would send a non-attorney representative to the settlement conference scheduled for the next day, in light of the Court Orders requiring in-person attendance. Mr. Aguirre reiterated that the insurer's position is that the policy does not require the insurer's approval of a settlement and thus they do not believe their participation is necessary. Undersigned counsel explained that, regardless of the insurer's position on the policy, the Court had ordered, twice, in-person attendance by a representative of the insurance company. Undersigned counsel followed up this phone call with an email to confirm her understanding of the insurer's intention not to appear.

14. Meanwhile, undersigned counsel has been working diligently with Defendants to obtain and secure settlement authority and prepare for the mediation.

15. Defendants are prepared to proceed on September 8, 2023, as ordered by the Court but wanted to inform the Court of this development as soon as possible.

Respectfully submitted, this 7th day of September, 2023.

                                          **JOSHUA H. STEIN**
                                          **Attorney General**

/s/ Laura H. McHenry
Laura H. McHenry
Special Deputy Attorney General
N.C. State Bar # 45005
lmchenry@ncdoj.gov

/s/ Bettina J. Roberts
Bettina J. Roberts
Special Deputy Attorney General
N.C. State Bar No. 43356
bjroberts@ncdoj.gov

N.C. Department of Justice
P. O. Box 629
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6540
Facsimile: (919) 716-6761

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide an electronic copy to:

Erika K. Wilson
UNC School of Law Clinical Programs
102 Ridge Road;
Chapel Hill, NC 27524
Email: wilsonek@email.unc.edu

Lauren A. Kuhlik
Tycko & Zavareei LLP
1828 L. Street NW; Suite 1000
Washington, DC 20036
Email: lkuhlik@tzlegal.com

April N. Ross
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, DC 20004
Email: aross@crowell.com

Elizabeth Guild Simpson
EMANCIPATE NC
P.O. Box 309
Durham, NC 27702
919-682-1149
Email: elizabeth@emancipatenc.org

This the 7th day of September, 2023.

/s/ Bettina J. Roberts
Bettina J. Roberts
Special Deputy Attorney General