IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CT-3270-D

| | | |
|---|---|---|
| TRACEY EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIK HOOKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on Plaintiff's motion for attorney's fees and costs in the amount of $92,887.32 after the court previously allowed Plaintiff's motion for sanctions. [DE-131]. Defendants filed a response in opposition. [DE-142]. For the reasons that follow, Plaintiff is awarded $40,077.97 in attorney's fees and costs.

I. **Standard of Review**

The court must review requested attorney's fees for reasonableness. When calculating attorney's fees, the court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quotations and alteration omitted); *see Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009); *Grissom v. Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008). The court does so by applying the *Johnson/Barber* factors. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 & n.9 (1983) (explaining lodestar calculations and approving the twelve-factor test set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting *Johnson's* twelve-factor test).

The *Johnson/Barber* factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases. *Grissom*, 549 F.3d at 321 (citation omitted). Although the *Johnson/Barber* factors often are subsumed in the district court's determination of the lodestar figure, the court also may consider those factors in evaluating whether the lodestar figure is reasonable. *Hensley*, 461 U.S. at 434 n.9. However, a court need not list each *Johnson/Barber* factor or comment on those factors that do not apply. *See, e.g., Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 376 (4th Cir. 1996).

## II. Discussion

This case concerns the propriety of shackling Plaintiff, while she was an inmate at the North Carolina Correctional Institution for Women ("NCCIW"), at various times during her transport to the hospital to give birth, hospital stay, transport back to the institution, and post-partum recuperation period, as well as the post-partum medical treatment Plaintiff received at NCCIW related to her opioid addiction.

On November 28, 2022, the court allowed in part Plaintiff's motion to compel, identifying multiple, glaring deficiencies in Defendants' discovery responses, and ordered Defendants to supplement their responses. [DE-88]. On February 14, 2023, Plaintiff filed a motion for sanctions

2

asserting that Defendants failed to comply with the court's November 28 order on the motion to compel and failed to adequately prepare Rule 30(b)(6) witnesses for NCCIW on designated topics. [DE-97]. After a hearing on the motion, the court found that Defendants had not fully complied with the court's November 28 order and had failed to adequately prepare the 30(b)(6) witnesses. [DE-127]. The court declined to order issues sanctions but awarded monetary sanctions in the form of (1) attorney's fees and costs in bringing the motion and for meet and confer efforts prior to bringing the motion and in ensuring compliance with its order, and (2) reopening two previously conducted depositions with Defendants to bear Plaintiff's attorney's fees and costs associated with the second depositions. *Id.* Plaintiff now seeks $88,191.85 in fees and $4,695.47 in costs. [DE-131]. Defendants contend the award of fees and costs should not exceed $28,319.75. [DE-142].

First, the court must determine a reasonable hourly rate for the work performed by Plaintiff's counsel. The requested hourly rates are as follows:

Tycko & Zavareei LLP
Hassan Zavareei (Partner) – $997
Lauren Kuhlik (Associate) – $508
Jaclyn Tayabji (Fellow) – $413
Aaron McReynolds (Paralegal) – $225

Rights Behind Bars
Oren Nimni (Litigation Director) – $733
D Dangaran (Attorney) – $413

Cromwell & Moring LLP
April Ross (Partner) – $945 through March 2023; $970 from April 2023 to present
Hilary Johnson (Counsel) – $845 through March 2023; $870 from April 2023 to present
Aryeh Mellman (Associate) – $620 through March 2023; $705 from April 2023 to present

[DE-132-1, 132-2, 132-3]. These practitioners are all located in Washington, D.C., and they contend the requested rates are consistent with the Adjusted Laffey Matrix[1] or consistent with, if

---

[1] The *Laffey* Matrix is a "fee schedule purporting to provide hourly rates for attorneys of a broad spectrum of practice experience and expertise in Washington, D.C." *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d

3

not lower than, other large D.C. firms. [DE-132] at 12. Plaintiff's lead counsel on this matter, Ms. Kuhlik, stated that she attempted to co-counsel with at least three Raleigh-area firms or organizations but they declined to work on the matter due to lack of availability and/or resources. [DE-132-1] ¶ 6. Defendants contend that Plaintiff's selection of a D.C. firm was not reasonable when services of like quality were available locally, and therefore, the court should apply reasonable North Carolina hourly rates of $350 for partners, $200 for associates, and $100 for paralegals. [DE-142] at 2–4.

The Fourth Circuit has held that the "[t]he community in which the court sits is the appropriate point for selecting the proper rate." *Newport News Shipbuilding & Dry Dock Co*, 591 F.3d 219, 229 (4th Cir. 2009) (quoting *National Wildlife Federation v. Hanson*, 859 F.2d 313, 317 (4th Cir.1988)). To determine whether out-of-state counsel are entitled to their home market rates, the court should ask two questions: first, did out-of-state counsel "render[] services that were truly available in the visited market"; and second, did the party that hired out-of-state counsel choose reasonably, or was chosen counsel "unnecessarily expensive." *Id.* (citing *Newport News*, 591 F.3d at 229).

The court is not convinced that out-of-state counsel rendered services that were unavailable to Plaintiff in the local market. The court is aware of locally available firms with experience in handling complex litigation who represent the interests of the incarcerated *pro bono*, such as the ACLU of North Carolina, North Carolina Prisoner Legal Services, Inc., Ellis & Winters, Brooks Pierce, Alston & Bird, Fox Rothschild, Patterson Harkavy, and Ogletree Deakins, to name a few. *See, e.g., Zayre-Brown v. N.C. Dep't of Pub. Safety*, No. 3:22-CV-191-MOC-DCK, 2022 WL

---

219, 229 (4th Cir. 2009) (citing *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *overruled on other grounds by Laffey v. Nw. Airlines, Inc.,* 746 F.2d 4 (C.A.D.C.1984); http://www.laffeymatrix.com/see.html).

4

4456268, at *1 (W.D.N.C. June 7, 2023) (ACLU of North Carolina litigated complex case regarding whether the North Carolina Department of Public Safety has a constitutional obligation to provide transgender inmates suffering from gender dysphoria with gender affirming care); *Rosado v. Barnes*, No. 5:19-CT-33580-BO (E.D.N.C.) (pro bono counsel tried excessive force case to jury); *Buffkin v. Hooks*, No. 1:18-cv-502, 2019 WL 1282785, at *1 (M.D.N.C. Mar. 20, 2019) (ACLU of North Carolina and North Carolina Prisoner Legal Services litigated complex class case regarding the North Carolina Department of Public Safety's screening and treatment practices for HCV); *Moskos v. Hardee*, No. 5:16-CT-3177-BO (E.D.N.C. Sept. 19, 2019) (pro bono counsel tried excessive force case to jury); *Scinto v. McClintock*, No. 5:10-CT-3165-D (E.D.N.C. Jan. 31, 2019) (pro bono counsel tried deliberate indifference to serious medical need case to jury); *Ewell v. Williams*, No. 5:15-CT-3140-BO (E.D.N.C. Sept. 25, 2018) (pro bono counsel tried deliberate indifference to serious medical need case to jury). The court furthermore disagrees with Plaintiff that this is a particularly specialized and complex case. *See Gilliam v. Allen*, 62 F.4th 829, 850 (4th Cir. 2023) (finding no error in the court's determination of the appropriate market where the "court was especially well positioned to make this determination, having a deep understanding of the case's complexity and knowledge of the local availability of counsel able to handle and staff such a case"). Accordingly, the court cannot find that the services rendered by Plaintiff's counsel were unavailable in the local market.

Alternatively, even if the court determined that Plaintiff's counsel were entitled to their home market rates, they have failed to substantiate that the requested rates are reasonable. Counsel with Tycko & Zavareei and Rights Behind Bars rely on the Adjusted Laffey Matrix to establish the reasonableness of their requested hourly rates. Kuhlik Decl. [DE-132-1] ¶ 9; Nimni Decl. [DE-132-2] ¶ 6. Counsel with Crowell & Moring state that their standard rates are "commensurate with

or lower than rates of other comparable law firms." Ross Decl. [DE-132-3] ¶ 11. It is the prevailing party's burden to demonstrate "that their requests fall within the prevailing market rates, which can be accomplished through affidavits from disinterested counsel, evidence of awards in similar cases, or other specific evidence that allows the court to determine 'actual rates which counsel can command in the market.'" *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 710 (E.D. Va. 2012) (quoting *Spell v. McDaniel,* 824 F.2d 1380, 1402 (4th Cir. 1987)). "Affidavits from the prevailing party alone are not sufficient." *Id.* (citing *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990)); *see also Gorrell v. Wake Cnty.*, No. 5:21-CV-00129-M, 2022 WL 3222003, at *6 (E.D.N.C. Aug. 9, 2022). While the Laffey Matrix may be a useful "starting point" for determining whether an hourly rate is reasonable, it is "not a required referent" and the court is not bound by it. *Newport News*, 591 F.3d at 229 ("the mere fact that Gillelan practices in Washington, D.C. is insufficient to accord him that market, let alone any rate within it.").

As for the cases Plaintiff cites for comparison, the court is familiar with *Tarlton for McCollum v. Sealey*, No. 5:15-CV-451-BO, where the court awarded counsel their requested D.C. rates, and finds that it is not a "similar case" for the purpose of comparison. Likewise, social security cases such as *Pearson v. Colvin*, No. 4:12-cv-23-FL, 2014 WL 7205095 (E.D.N.C. Dec. 17, 2014), are not apt comparators where the high hourly rates awarded are attributable to contingency fee arrangements where counsel are entitled to 25% of retroactively awarded benefits that can span a number of years. Accordingly, the court looks to the prevailing rates it has found reasonable in the past for attorneys in the Raleigh, North Carolina market, as well as considering the difficulty of the issues addressed, the skill required, the experience of counsel, and similar fees awarded, and finds that hourly rates of $500 for partners, $300 for associates, and $125 for paralegals are reasonable rates for this matter. *See Barden v. Murphy-Brown LLC*, No. 7:20-CV-

6

85-D, 2022 WL 16916358, at *2 (E.D.N.C. Nov. 14, 2022) (finding attorney's hourly rate of $450.00 was reasonable); *Williams v. AT&T Mobility, LLC*, No. 5:19-CV-00475-BO, 2022 WL 412708, at *2 (E.D.N.C. Feb. 9, 2022) (finding reasonable hourly rates based on the court's previous awards were roughly $400 for partners, $200–250 for associates, and $100–150 for paralegals); *Jones v. Campbell Univ., Inc.*, No. 5:20-CV-29-BO, 2021 WL 3618043, at *5 (E.D.N.C. Aug. 16, 2021) (awarding hourly rates of $477 and $391.50 for employment and labor law attorneys with about forty and twenty-five years of experience, respectively); *Cannon v. Vill. of Bald Head Island, N.C.*, No. 7:15-CV-00187-M, 2021 WL 3177410, at *3 (E.D.N.C. July 27, 2021) (awarding hourly rates of $300 for lead attorney, $200–225 for associate attorneys, and $65–85 for paralegals); *Capps v. Newmark S. Region, LLC*, No. 5:18-CV-133-FL, 2021 WL 1876130, at *5 (E.D.N.C. May 10, 2021) ("cases suggest a rough average of about $375 per hour for a partner, and a reasonable rate of $225 per hour for an associate, and about $100 per hour for a paralegal, as the prevailing market rate for corporate civil litigation in this district").

Next the court must consider the reasonableness of the hours expended. The court previously allowed attorney's fees and costs for (1) bringing the motion for sanctions, (2) meet and confer efforts prior to bringing the motion and in ensuring compliance with the court's order, and (3) reopening and conducting the second depositions. [DE-127]. The hours expended, by attorney or paralegal, for which Plaintiff seeks reimbursement are as follows:

Tycko & Zavareei LLP
Hassan Zavareei (Partner) – 5.6 hours
Lauren Kuhlik (Associate) – 90.2 hours
Jaclyn Tayabji (Fellow) – 30.5 hours
Aaron McReynolds (Paralegal) – 11.90 hours

Rights Behind Bars
Oren Nimni (Litigation Director) – 3.35 hours
D Dangaran (Attorney) – 7.5 hours

> Cromwell & Moring LLP
> April Ross (Partner) – 13.5 hours
> Hilary Johnson (Counsel) – 2.5 hours
> Aryeh Mellman (Associate) – 1.5 hours

[DE-132-1, 132-2, 132-3].

The court has reviewed the time records and finds that staffing a motion for sanctions with eight lawyers is unreasonable. There is a significant amount of time spent conferencing between co-counsel and preparing for a routine hearing that the court also finds to be excessive and unreasonable. Certain time entries appear related to the motion to compel or lack specificity in the description for the court to find they are related to the motion for sanctions, meet and confer, or reopening of depositions. The court regularly deals with discovery disputes and finds that the total amount of time spent in preparation of the motion for sanctions, motion for leave to file a reply brief and sur-reply, and for the sanctions hearing is unreasonable. Finally, much of the paralegal time is for the organization and formatting of materials, which is not compensable, *see Sealey*, 2021 WL 10319395, at *5, and the court declines to award fees for researching the court's local rules on sealing where motions to seal in this case were later withdrawn or not filed in compliance with the local rules, *see generally* Oct. 27, 2023 Order [DE-243]. The court has reduced the requested hours accordingly and finds the following time expended to be reasonable:

> Tycko & Zavareei LLP
> Hassan Zavareei (Partner) – 3.7 hours
> Lauren Kuhlik (Associate) – 67.4 hours
> Jaclyn Tayabji (Fellow) – 23.5 hours
> Aaron McReynolds (Paralegal) – 3.1 hours
>
> Rights Behind Bars
> Oren Nimni (Litigation Director) – 2.0 hours
> D Dangaran (Attorney) – 3.25 hours
>
> Cromwell & Moring LLP
> April Ross (Partner) – 5.75 hours
> Hilary Johnson (Counsel) – 1.75 hours

Aryeh Mellman (Associate) – 0.5 hours

Applying the above determined reasonable rates to the reasonable hours expended results in a fee award of $35,382.50. Costs of $4,695.47 associated with reopening the Rule 30(b)(6) depositions, conducting legal research for sanctions motion and related briefing, and related transcript fees and case filings, Kuhlik Decl. [DE-132-1] ¶ 34, are found to be reasonable.

## III. Conclusion

For the reasons stated herein, Plaintiff is awarded attorney's fees and costs of $40,077.97.

SO ORDERED, the __6__ day of December, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge